IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br><br>v.<br><br>$8,720.00 IN U.S. CURRENCY,<br>**Defendant.** | CIVIL NO. 18- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Héctor E. Ramírez-Carbó, Assistant United States Attorney, Chief Civil Division, and Maritza González-Rivera, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

NATURE OF THE ACTION

1. This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Sections 841(a)(1), 843(b), 846 and 881(a)(6) and Title 18, United States Code, Section 1956(a)(1)(B)(i).

DEFENDANT IN REM

2. The defendant currency seized by an officer of the United States Postal Inspection Service ("USPIS"), consists of $8,720.00 in U.S. currency.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States

1

pursuant to Title 28 United States Code, Section 1345; over an action for forfeiture pursuant to Title 28, United States Code, Section 1355; and over this particular action pursuant to Title 21, United States Code, Sections 841(a)(1), 843(b), 846 and 881(a)(6) and Title 18, United States Code, Section 1956(a)(1)(B)(i).

4. This Court has in rem jurisdiction over the defendant currency pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355(b)(1)(B) (the defendant currency is found in this district).

5. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant currency is found in this district).

## BASIS FOR FORFEITURE

6. This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Sections 841(a)(1) (Unlawful acts), 843(b) (Communication facility), 846 (Attempt and conspiracy), and 881(a)(6) for all moneys, negotiable, instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange. Additionally this civil action is brought to enforce the provisions of Title 18, United States Code, Section 1956(a)(1(B)(i), for moneys representing proceeds of specified unlawful activities, that is, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961(1), punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(l) and 846 knowing that the transactions.

FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the Title 28, United States Code, Section 1746 unsworn declaration of the USPIS, U.S. Postal Inspector, Veronica I. Martinez attached hereto, and incorporated herein as if fully stated.

CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 29th day of August, 2018.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

s/ Héctor E. Ramírez-Carbó
Héctor E. Ramírez-Carbo
Assistant U.S. Attorney
Chief Civil Division
UNITED STATES ATTORNEY'S OFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787) 766-5656
Hector.E.Ramirez@usdoj.gov

s/ M Gonzalez
Maritza González-Rivera
Assistant United States Attorney
USDC # 208801
UNITED STATES ATTORNEY'S OFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
maritza.gonzalez@usdoj.gov

VERIFIED DECLARATION

I, Maritza González-Rivera, Assistant U.S. Attorney, for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the USPIS; that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 24th day of August, 2018.

s/ M Gonzalez
Maritza González-Rivera
Assistant U.S. Attorney


VERIFIED DECLARATION

I, Veronica I. Martinez, U.S. Postal Inspector, USPIS declare as provided by Title 28, United States Code, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 24 day of August, 2018.

Veronica I. Martinez, U.S. Postal Inspector
United States Postal Inspection Service (USPIS)

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**
**Title 28 United States Code 1746**

I, Veronica I. Martinez, U.S. Postal Inspector with the United States Postal Inspection Service (USPIS), hereby declare as follows:

**PROFESSIONAL BACKGROUND**

I am a Postal Inspector with the United States Postal Inspection Service (USPIS), currently assigned to the Newark Division, San Juan Field Office, located in Guaynabo, Puerto Rico, and have so been employed since May 2015. I have received formal classroom training from the United States Postal Inspection Service during the 12-week Postal Inspector Basic Training Academy at the Career Development Unit in Potomac, Maryland. I also have had additional training and experience with other U.S. Postal Inspectors and federal and local law enforcement agents in connection with the investigation of the use of the U.S. Mail or in connection to the U.S. Postal Service ("USPS"), property of the USPS and other postal offenses, as set forth in Title 18, United States Code § 3061. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, § 2510(7). That is, I am an officer of the United States who is empowered by law to conduct investigations and to make arrests for crimes furthered through the use of the U.S. Mail or in connection to the U.S. Postal Service.

I am currently assigned to the San Juan Prohibited Mail Team and am primarily responsible for investigations involving the illegal use of the U.S. Mail in the trafficking of narcotics and firearms. As a result, I have conducted numerous firearms and narcotics investigations involving the transportation of firearms and controlled substances; as well as those involving proceeds derived from the distribution of firearms and controlled

substances via the mail, in violation of Title 18 United States Code, §§ 922 (a)(1)(a) & (a)(3), and 1715, and 21 United States Code, §§ 841 (a)(1), 843(b), and 846. As a Postal Inspector, I have also worked on several investigations involving the use of the U.S. Mail and the Postal Service to launder and smuggle currency derived from specified unlawful activities, including narcotics distribution, in violation of 18 United States Code, §§ 981, 982, 1956, and 1957, and Title 31, United States Code, § 5325. Additionally, I have also participated in several interdiction operations targeting parcels containing illegal firearms, narcotics, and proceeds thereof, both in Puerto Rico and elsewhere in the continental United States. While conducting investigations relative to the mailing of firearms, narcotics and currency, I have had the opportunity to become familiar with known trafficking sources and destination areas, various smuggling methods and techniques used by traffickers, as well as the manner in which traffickers package illicit firearms, narcotics, and related proceeds.

This Unsworn Declaration is submitted in support of a verified complaint of forfeiture, which involves the offenses detailed in Section 881(a)(6) of Title 21, United States Code, particularly all moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for controlled substances or listed chemicals, in violation of the subchapter, all proceeds traceable to such an exchange and all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of Title 21.

Because this declaration is submitted for a limited purpose, the undersigned has not included details of every aspect of this investigation. The facts and information contained

2

in this unsworn declaration are based on my personal knowledge as well as observations of other Postal Inspectors involved in this investigation. All observations that were not personally made by me were relayed to me by other law enforcement officers as a result of my personal participation in the investigation of Johan Reyes-Tejada, Adolfi Jhoselin Peña Hilario, Victor del Valle, and others; through information obtained from other law enforcement agencies, witnesses and reliable sources, I am familiar with the facts and circumstances of the offenses described in the "Facts" section of this unsworn declaration.

Unless otherwise noted, whenever in this unsworn declaration I assert that a statement was made, the information was provided by another law enforcement officer, to whom I have spoken or whose report I have read and reviewed.

Likewise, information resulting from the parcel interdiction and investigation, except where otherwise indicated, does not set forth my observations, but rather has been provided, directly or indirectly, through other law enforcement officers that conducted the interdiction.

## PROPERTY TO BE FORFEITED
## $8,720.00 IN U.S. CURRENCY

### INVESTIGATIVE BASIS

Based on my training and experience I have learned that:

1. The U.S. Mail is often used by narcotic traffickers to transport controlled substances, as well as U.S. currency derived from, or involved in, the distribution of controlled substances, either as payment or proceeds;

2. The drug traffickers know that both the U.S. Mail and the Express and Priority Mail are considered First Class Mail and are therefore protected against inspection

without a Federal Search Warrant;

3. That drug traffickers discern that by using Priority Mail Express and Priority Mail with Delivery Confirmation, they can track the parcels, control dispatch times and locations, and most importantly, have a guarantee of delivery in one or two business days. Moreover, traffickers also know that any delay in a Priority Mail Express parcel delivery could represent that such parcel has been intercepted by law enforcement;

4. That law enforcement agencies have established, based upon years of experience in narcotics investigations, that the state of Massachusetts frequently receives controlled substances sent via the U.S. Mail from Puerto Rico. Furthermore, Puerto Rico is a known destination for the returning proceeds or payments of such narcotics from Massachusetts;

5. That, in addition to the aforementioned, it is customary for narcotics traffickers to hand write the labels attached to the mail piece instead of using a pre-printed label. Pre-printed labels are customary with most legitimate businesses utilizing the Priority Mail Express service;

6. That individuals who regularly handle controlled substances often leave the scent of controlled substances on the box, packaging materials, and U.S. currency they handle, and that packaging materials are often stored in close proximity to the controlled substances transferring the odor to the packaging materials;

7. That narcotic canines, also known as K-9, are trained to alert to the smell of various chemicals present in illegal narcotic drugs, such as methyl benzoate, a chemical

present in cocaine;

8. That USPIS Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, unlike legitimate businesses or gifts whose note, letter, receipt, or coupon is included with the cash or monetary instruments;

9. Postal Inspectors have found, in most cases, narcotics payments have been made primarily in twenty-dollar denominations.

10. Postal Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, unlike legitimate businesses or gifts whose note, letter, receipt, or coupon is included with the cash or monetary instruments.

**FACTS**

On March 15, 2018, at the USPS San Juan General Post Office located in San Juan, Puerto Rico, Priority Mail Express parcel EM022781269US addressed to "Adolfy Jhoselyn Pena Hilario, Calle Pegaso #39 Los Angeles, Carolina, San Juan PR 00979," with a return address of "Johan Reyes, 5 Jackson St., Lawrence, MA 01841," was identified by Postal Inspectors as meeting the initial suspicious characteristics of a narcotics mailing.

The subject parcel was a box covered with dark blue wrapping paper, had a hand written label, weighed approximately four (4) pounds and seven (7) ounces, and measured approximately 10" x 16" x 8". The parcel had affixed to it U.S. Postage Meter strip number R2304M114743-31, with a postage amount of $61.55, the meter was from Lawrence, MA and was dated March 12, 2018.

A Priority Mail Express label was attached to the parcel. The "Signature Required" box was not checked on the Priority Mail Express label. This allowed the parcel to be delivered without the addressee or the addressee's agent having to sign for the parcel, contingent upon the parcel being left in a secure location at the address.

On March 15, 2018, at the U.S. Postal Inspection Service facility, located in Guaynabo, Puerto Rico, the parcel was placed for exterior examination by a narcotics detection canine from the U.S. Customs and Border Protection. According to the officer who handled the canine, "Honzo" exhibited a change of behavior consistent with the presence of various odors of controlled substances.

On March 20, 2018, Federal Search Warrant 18-471 (M), dated March 19, 2018, was executed on Priority Mail Express parcel EM022781269. The parcel was one (1) box wrapped in blue gift wrap. Underneath the blue gift wrap paper was one (1) white (Tabeoke) karaoke machine box. The white (Tabeoke) karaoke machine box was opened and found inside was one (1) instructions booklet for the singing machine, cardboard, and one (1) white (Tabeoke) karaoke machine. Inside the white (Tabeoke) karaoki machine was one (1) bundle wrapped in clear plastic wrap with 7700 $ written on it. Underneath the plastic wrap were dryer sheets and U.S. Currency in $20, $50, and $100 denominations totaling $8,720.00. The currency consisted entirely of $20 bills, making up 73% of the total amount of bills found. There were no notes or instructions in the parcel.

On April 5, 2018, an address verification was received from the U.S. Postal Service Carolina Main Post Office. According to the Route Carrier, the address of 39 Calle

Pegaso, Carolina PR 00979, is recognized by the U.S. Postal Service as a deliverable address. Adolfy Jhoselyn Pena Hilario is not a mail recipient at the address.

On April 6, 2018, an address verification was received from the US Postal Service Lawrence Main Office. According to the Route Carrier, the address of 5 Jackson St, Lawrence MA 01840, is recognized by the U.S. Postal Service as a deliverable address. However, it is missing an apartment number. It is unknown if Johan Ryes is a mail recipient at the address.

On April 11, 2018, Probable Cause Verification was approved by the U.S. Postal Inspection Service, inspector attorney, for the seizure of $8,720.00 in U.S. currency. Legal notification were sent to all interested parties on May 24, 2018. Internet Advertisement Information was posted in www.forfeiture.gov on May 7, 2018 for 30 consecutive days.

On June 2, 2018, a valid Claim was received from Johan Reyes-Tejada via Attorney Gilberto Oliver from Gilberto Oliver Law Office, Country Club Shopping Plaza, 2000 Campo Rico Ave, Ste 18, Carolina, PR 00982.

According to Reyes-Tejada's statement: "The seized money is mine, proceeds of a loan secured from Mr. Victor del Valle. See enclosed Installment Payments Agreement dated March 10, 2018. In order to avoid high transfer fees/commissions for sending the money to Puerto Rico, I decided to send it through the United States mail. I sent the money to Ms. Adolfi Jhoselin Peña Hilario, who at the time was pregnant, to help her with medical and pregnancy costs; her child was born on April 10, 2018 and she now owes thousands of dollars in unpaid medical bills. I understand that sending money through the mail is not the safest method to send money to a person, but it is certainly not a crime.

Therefore, I demand the immediate return of my money."

Together with the Claim statement, a document titled "Installment Payments Agreement" dated March 10, 2018 was received, stating the following: "I, Johan Reyes Tejada hereby certify that I received from Mr. Victor Del Valle on March 10, 2018 the amount of Nine Thousand Dollars of US$9,000. I will make installment payment of ONE HUNDRED FIFTY ($150.00) dollars every week until the payment of the whole amount." Signed by Johan Reyes Tejada.

On June 6, 2018, a letter was sent to Attorney Gilberto Oliver, requesting from his client Johan Reyes-Tejada evidence or additional information as following:

*"Your client is claiming ownership of the seized property; however, civil/judicial process is in rem and legitimacy of the origination for seized U.S. currency must be established. For this reason, we are requesting your client submits the following evidence or information:*

1. *According to Mr. Reyes' claim statement, his current address is 5 Jackson St. Apt 4A, Massachusetts. Our records indicates that his current address is 246 Joyce Kilmer Ave, New Brunswick NY 08901. Please clarify.*
2. *Mr. Reyes' proof of employment.*
3. *According to Mr. Reyes statement, he borrowed $9,000 from Mr. Victor Del Valle on March 10, 2018. Please provide the following:*
   a. *A statement from Mr. Victor Del Valle. This statement must have his complete/current address, and telephone number.*
   b. *Proof of the origination of the $9,000.00 which allegedly Del Valle lent Mr.*

8

> *Reyes. This evidence could be a copy of the bank account statement reflecting withdrawal of the currency; proof of employment; and/or copy of the latest tax filling documents.*
>
> *c. Del Valle's relationship with Mr. Reyes-Tejada.*
>
> *4. As the sender of the parcel, Mr. Reyes should be able to describe the content of the parcel seized by Postal Inspectors. Description of the method of concealment and items used for the purpose of concealment. Also, explain the reason of using such concealment.*
>
> *5. We have been unable to locate Adolfi Jhoselin Peña Hilario. Please submit a statement from Adolfi Jhoselin Peña Hilario. Peña's statement should include her complete/current address and telephone number. Additionally, Peña's relationship with Reyes-Tejada."*

It was requested a reply of no later than 10 days after first receipt of the letter. The same was delivered June 7, 2018. No reply to the letter or a telephone call have been received at the Inspection Service.

No criminal history was found for the claimant, Johan Reyes-Tejada. The Inspection Service was unable to locate a person by the name of Adolfi (or Adolfy) Jhoselin Peña Hilario. Not enough information was provided from Victor Del Valle, alleged lender of the U.S. currency. No financial suspicious activity report has been found on Reyes-Tejada.

Based on the facts (1) of the suspicious manner in which defendant money was transferred, not wired, not sent by check, but rather sent uninsured, overnight by Priority Mail Express shipment which was paid for in cash; (2) of the substantial amount of cash

involved, $8,720.00 (3) the dog sniff - a trained narcotics canine, who alerted positive to the package; (4) the claimant/petitioner did not provide evidence of the legitimacy of the seized U.S. currency. The undersigned believes that the combined total amount of $8,720.00 in U.S. Currency seized from Johan Reyes-Tejada constitutes proceeds derived from the illegal sale of narcotics in violation of Title 21, United States Code, §§ 841 (a)(1), 843(b), and 846.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief, pursuant to Title 28 United States Code, § 1746.

In San Juan, Puerto Rico, this 24 day of August, 2018.

_____
Veronica I. Martinez
US Postal Inspector
United States Postal Inspection Service
San Juan, Puerto Rico

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
$8,720.00 IN U.S. CURRENCY,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Maritza González-Rivera, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR 00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | PERSONAL INJURY | | | ☐ 490 Cable/Sat TV |
| | ☐ 362 Personal Injury - Med. Malpractice | | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | |
| ☐ 195 Contract Product Liability | PERSONAL PROPERTY | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 371 Truth in Lending | | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | ☐ 350 Motor Vehicle | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 355 Motor Vehicle Product Liability | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 360 Other Personal Injury | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 290 All Other Real Property | ☐ 442 Employment | Habeas Corpus: | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus & Other | | |
| | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 555 Prison Condition | | |
| | ☐ 446 Amer. w/Disabilities - Other | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 21, United States Code, Sections 841(a)(1), 843(b), 846 and 881(a)(6) and Title 18, United States Code, Section 1956(a)(1)(B)(i).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE 8/21/2018
SIGNATURE OF ATTORNEY OF RECORD
(S/Maritza González-Rivera)

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

 **United States District Court** *for the* **District of Puerto Rico**

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   US v. $8,720.00 IN U.S. CURRENCY,

2. Category in which case belongs: (See Local Rules)

   [X] ORDINARY CIVIL CASE — CIVIL FORFEITURE
   [ ] SOCIAL SECURITY
   [ ] BANK CASE
   [ ] INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   [ ] YES   [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   [ ] YES   [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?
   [ ] YES   [X] NO

(Please Print)

USDC ATTORNEY'S ID NO.: 208801

ATTORNEY'S NAME: MARITZA GONZALEZ-RIVERA

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE
HATO REY   PR    ZIP CODE 00918

TELEPHONE NO.: 787-766-5656